ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann, Esq. (State Bar No. 229832)
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
cja@laborgators.com

MICHAEL MALK, ESQ., APC
Michael Malk, Esq., (State Bar No. 222366)
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210
mm@malklawfirm.com

Attorneys for Plaintiffs Annalisa Lewis and Michelle Catbagan
and all others similarly situated

UNITED STATED DISCRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNALISA LEWIS, individually and MICHELLE CATBAGAN, individually on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>v.<br><br>VISION VALUE, LLC d/b/a STANTON OPTICAL, and Does 1 through 100, inclusive<br><br>                Defendants. | Case No. 1:11-CU-01055-LJO-MJU<br><br>**FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT FOR:**<br><br>  **(1) FAILURE TO PAY OVERTIME [29 U.S.C. § 201 et seq.];**<br><br>  **(2) FAILURE TO PAY OVERTIME [Cal. Labor Code §§ 510, 1194; IWC Wage Order No 5];**<br><br>  **(3) FAILURE TO PAY REPORTING TIME PAY [Cal. Labor Code §§204, 558, 1198;** |

IWC Wage Order No 4];

(4) **FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS [Cal. Labor Code §§ 226, 226.3];**

(5) **FAILURE TO PAY WAGES DUE UPON SEPARATION OF EMPLOYMENT [Cal. Labor Code §§ 201-203];**

(6) **UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code §§17200, et seq.]; and**

**DEMAND FOR JURY TRIAL**

Plaintiffs Annalisa Lewis, individually, and Michelle Catbagan, individually, (referred to herein respectively as "Plaintiff Lewis" and "Plaintiff Catbagan" and collectively as "Plaintiffs"), as a class action and on behalf of all those similarly situated, on behalf of the California general public, by and through their counsel, bring this Complaint ("Complaint") against Defendants Vision Value, LLC. d/b/a Stanton Optical and Does 1 through 100 (All Defendants shall collectively be referred to as "Defendants") on personal knowledge with respect to themselves and their own acts, and on information and belief as to other matters, allege as follows:

# I.   JURISDICTION

1.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 28 U.S.C. §1337.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendants.  In the alternative, this Court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, because the amount in controversy exceeds $5 million and at least one member of the putative class is a citizen of a state different from the Defendant.

# II.   VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), because Defendants transact business in Stanislaus County.

# III.   INTRODUCTION

3.     Plaintiffs bring claims individually and as part of a collective action, under the FSLA, 29 U.S.C. §216(b), on behalf of all of Defendants' non-exempt employees whose compensation included 1) an hourly component, and 2) a commission and/or bonus component (persons employed by Defendants at any time since June 24, 2008 and paid on this basis shall be referred to as "Crew Members") and worked at each of Defendant Vision Value LLC's locations in Arkansas, California, Georgia, Indiana, Ohio, and Texas at any time from June 24, 2008 to the present (the "FSLA Period.")

4.     The individual and collective action claims arise out of Defendants' failure to pay overtime at a rate of one and one-half times the regular rate of pay for all overtime hours worked, and attorneys' fees and costs under FLSA §§207

and 216(b). These claims stem from Defendants' failure to include regularly-paid commission and bonus payments in the regular rate of pay when calculating overtime. Defendants failed to pay overtime at a rate of one and one half times the regular rate of pay for all overtime hours worked per FSLA §§207 and 216(b). All nonexempt employees earned a commission based upon the value of the sales they made in a pay period. Performance bonuses must be included in the regular rate of pay per 29 CFR §788.211(a). An employee's wages must be converted to an equivalent hourly rate irrespective of whether the employee is paid salary or commission, 29 CFR §778.109. Defendants' employees who earned commission and worked overtime were not paid at the legally-required regular rate of pay, which would include their commission being factored into their base hourly rate for the purposes of the overtime calculation.

5.      Plaintiff also brings claims individually and as a true class action, on behalf of all nonexempt employees who worked full-time for Defendants in California and earned commissions from June 24, 2007 through the present (the "Class Period").   In addition to the Plaintiffs and the Class not being compensated overtime based on their regular rate of pay to include commissions and bonuses, the Plaintiffs' California Class Action claims for overtime are also rooted in daily unpaid work "off-the-clock."

6.      The individual and class action claims are based on Defendants' failure to pay overtime compensation; failure to pay reporting time pay; as well as for inaccurate wage statements; waiting time penalties, interest, and attorneys' fees and costs under Labor Code §§201-204; 226; 510; 558; 1194; 1198 and California Code of Civil Procedure §1021.5. The individual and class claimants also request, under California Business & Professions Code §§17200-17208, injunctive relief and restitution arising from Defendants' failure to pay overtime at a rate of one and one-half times the regular rate of pay for all overtime hours worked, as well as for

failure to pay reporting time compensation, and for Defendants' failure to pay all wages due to departing employees on their separation of employment, as required by California Labor Code §§ 201 through 203. Defendants' actions were willful and in violation of the FLSA and the California Labor Code.

7. Throughout the Class Period, Defendants employed full-time employees in California whose compensation, like that of Plaintiffs, failed to include payment for reporting time pay. As part of their job duties, Plaintiffs were required to attend Defendants' scheduled general business meeting every Sunday, lasting from thirty (30) minutes to an hour, and were compensated solely for the thirty (30) minutes to an hour of work, despite not being engaged in any other labor for that day. Plaintiffs allege that their attendance at this general business meeting was of such high importance that they were threatened with termination for failure to attend.

8. Plaintiffs and Class Members further allege that at the California locations, on days where they were regularly scheduled to work a fulltime shift (the term "fulltime" refers to at least thirty-two work hours per week and seven and a half hours of work per day) and had completed less than half their regular scheduled shift, they were frequently sent home by the store manager. Defendants failed to pay the employees for half their regular scheduled shift at their regular rate of pay, as per Cal. Labor Code §§ 510, 1194 and IWC Wage Order No. 4 (the regular rate of pay calculation must account for commissions and bonuses).

9. As a result of its failure to pay for "off-the-clock" and reporting time compensation, Defendants also issued inaccurate wage statements to Plaintiffs and the Class in violation of §§201 through 203 of the California Labor Code.

## IV. THE PARTIES

10.     Plaintiff Lewis, who resides in Modesto, California, is a former nonexempt employee of Defendants. Plaintiff worked as an unlicensed Optician and Sales Associate from December 2010 through May 17, 2011 at Defendants' facility in Modesto, California.

11.     Plaintiff Catbagan, who resides in Modesto, California, is a former nonexempt employee of Defendants. Plaintiff worked as an Optician and Sales Associate from September 2008 through May 18, 2011 at Defendants' facility in Modesto, California. Plaintiffs were non-exempt and treated as such under state and federal law. Defendants failed to pay Plaintiff for all overtime work at the proper overtime rate through its failure to include routinely paid –commissions in the calculation of the regular rate of pay. Moreover, Defendants compensated Plaintiff Catbagan for overtime because of her nonexempt status, but failed to include her regularly-paid commissions when calculating her base rate for purposes of calculating overtime pay due to her.

12.     Upon information and belief, Vision Value, LLC d/b/a Stanton Optical, conducts business in, among other places, Arkansas, California, Georgia, Indiana, Ohio, and Texas, with its headquarters and principal place of business in Palm Springs, Florida.  Value Vision LLC employs opticians and sales associates in at least thirteen locations in the United States.

13.     At all times from June 24, 2007 through the present (the "Class Period"), Defendants have been an "enterprise engaged in commerce" for the purpose of the FLSA with an annual revenue of over $200 million (as stated on their company website as of June 1, 2011).

14.     Significantly, throughout the Class Period, Defendants employed numerous employees, including Plaintiffs, who were engaged in activities constituting "interstate commerce" under the FLSA, including, *inter alia*,

answering phone calls; assisting customers in service and product selection; ordering the services and products; and customizing the fitting of the glasses for customers.

15.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names under <u>Code of Civil Procedure</u> §474.  Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.  Defendant Vision Value, LLC and DOES 1-100 shall collectively be referred to as "Defendants."

16.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the proposed class.

## V.     <u>FACTUAL ALLEGATIONS</u>

### A.     <u>Facts Relevant to Failure to Pay Overtime</u>

#### i.  <u>FLSA Claims</u>

17.     As an entity with millions of dollars in annual sales employing numerous employees engaged on an annual basis in the selling of eyewear and related products and services to individuals across the United States, Defendants at all times relevant hereto were and are an enterprise subject to the jurisdiction of the FLSA.

18.     Throughout the FSLA Period, Defendants employed hundreds of sales associates and fewer than fifty licensed opticians to sell their services and products in their thirteen stores in the United States, six of which are in California.

19.     Plaintiffs' FLSA claims are based on Defendants' failure to include commissions and non-discretionary regularly-paid bonuses in the regular rate of pay of Plaintiffs when calculating overtime.  When paying overtime to Plaintiffs' and Defendants' other sale associates and licensed and non-licensed opticians, Defendants incorrectly paid these employees at one-and-one-half times their *hourly* rate, instead of using the higher regular rate of pay, as described supra. This resulted in Defendants withholding overtime pay from their sales associates and opticians, including Plaintiffs, (29 USC §778.211(a), California Labor Code § 200, and DSLE Enforcement Policies and Interpretations Manual §49), thus systematically depriving Plaintiffs and the Class of proper overtime compensation.

ii.     **California Class Claims**

20.     Plaintiffs' California Class claims are similarly based on Defendants' failure to compensate Plaintiffs and the class overtime based on their regular rate of pay to include commissions and bonuses.

21.     The Plaintiffs' California Class Action claims for overtime are also rooted in daily unpaid "off-the-clock" working time consisting of up to 15 minutes each day, during which employees cleaned the store and display cases, polished the voluminous glasses on display, organized the displays, vacuumed, and disposed of garbage, and additional off-the-clock time by continuing to service customers. All of Defendants' employees were required to acquire prior authorization from corporate headquarters in order to be reimbursed for overtime hours and receive overtime pay. However, because corporate headquarters is located in Florida and closes promptly at 6 p.m. (Eastern Time Zone), Defendants' California employees

(the California class) must clock-out immediately after working for eight-hours, even though they frequently still have job duties such as continuing to ring-up customers and clean and organize the store. Yet, because prior authorization is required prior to working past eight-hours and the corporate headquarters closes before the California stores, California employees necessarily and regularly work off-the-clock on a routine basis.

22.     Both licensed and unlicensed Optician and Sales Associates performed similar job duties. Plaintiff Lewis and Plaintiff Catbagan's job duties included, *inter alia*, OPTICAL SERVICES (the term "OPTICAL SERVICES" shall refer to the following work performed on behalf of the Defendants: assisting clients with frame selection; taking measurements for the proper fit of frames; advising clients on lens' material and design options; answering phones; completing paperwork; and adjusting frames for adequate fit), OPTICAL SALES (the term "OPTICAL SALES" shall refer to the following work performed on behalf of the Defendants: assisting clients with frame selection and pricing; advising clients on lens options and pricing; answering phones; completing paperwork; providing sales quotes; and collecting payments), and JANITORIAL WORK (the term "JANITORIAL WORK" shall refer to the following duties: dusting and polishing display cases, polishing lenses, organizing the display of frames, vacuuming, and garbage disposal).

23.     This uncompensated post-liminary work was performed at the end of each shift and took no less than (15) minutes to complete.

24.     In addition to Plaintiff Lewis, Plaintiff Catbagan, and Class Members receiving hourly compensation, Plaintiffs and members of the Class also earned commission based on a tiered commission structure. At some point during the Class Period, the commission structure changed to a pay unlicensed Opticians and Sales Associates a straight two (2) percent of all sales of products and services

25.     Significantly, Defendants were aware that Plaintiffs and the Class needed to engage in "off-the-clock" work cleaning the store and preparing it for opening the following day, but Defendants impeded Plaintiffs and Class Members from complaining about having to work "off-the clock" by repeatedly informing them that overtime was not authorized and by threatening to discipline employees who recorded more than 8 hours of working time on the company's electronic time-keeping software.

26.     As a result of the foregoing, Plaintiffs and Class regularly worked more than 8 hours per day and more than 40 hours per week throughout the Class Period.  They did this without overtime compensation at the legally-required overtime rate of 1.5 times their regular rate of pay for all hours worked over 40 hours in a week and over 8 hours in a day under California law.  Defendants' failure to pay overtime was willful.  Specifically, throughout the Class Period, Defendants knew or should have known that Plaintiffs and the Class were engaged in "off-the-clock" work-related tasks of cleaning the store and completing sales transactions.  Moreover, Defendant knew or should have known that it was not legal to exclude regularly paid bonuses from its employees' base rate for purposes of calculating their overtime wages due.

27.     Throughout the Class Period, Defendants knew that the post-liminary activities performed by Plaintiffs and the Class were compensable under California law, yet they intentionally and willfully failed to pay Plaintiffs and the Class overtime wages due for the post-liminary activities Plaintiffs and the members of the Class performed at the end of their daily shifts.

**B.     Facts Relevant to Failure to Pay Reporting Time Compensation**

28.    As part of their job duties, Plaintiffs and Class Members are required to attend mandatory weekly general business related meetings where they discuss business operations, sales, and new products and services.

29.    These meetings are scheduled for Sundays, at 11 a.m., when Plaintiffs and Class Members are not scheduled to perform their regular shifts which are normally seven (7) to eight (8) hours long. Each meeting varies in length between thirty (30) minutes to an hour.

30.    Defendants only pay Plaintiffs and Class Members for their actual time spent attending these mandatory meetings, yet fail to compensate Plaintiffs and Class Members at the required reporting time pay of two (2) hours for their scheduled day's work as required under California Labor Code.

31.    Plaintiffs and Class Members also allege that during their eight hour regularly scheduled shifts on occasions when the store was slow, store managers approached employees (typically beginning with the highest paid hourly waged employees) to determine whether these employees could be sent home. This occurred regardless of whether Plaintiffs and members of the Class had worked less than half their regularly scheduled shift. When Plaintiffs and members of the Class had not worked half of their regularly scheduled shift prior to being sent home— which happened frequently—Defendants failed to pay Plaintiffs and Class Members their entitled reporting time compensation in violation of California Labor Code §§204, 558, 1198 and IWC Wage Order No 4.[1]

32.    IWC Wage Order No. 4 Section (5)(A) states that reporting time payments must be made at the employees' regular rate of pay. Since Plaintiffs and Class Members earned performance based commission during their regularly scheduled hours, the reporting time pay owed to Plaintiffs and the Class is higher

---

[1] See DSLE Opinion Letter 2003.10.17  regarding employees having a private right of action to sue for enforcement of wage order violations.

that their hourly wages since the regular rate of pay must account for earned bonuses and commissions.  See. DLSE Manual Section 49.2.4.1.

## C. __Facts Relevant to Failure to Issue Accurate Paystub Claims__

33.    As a result of:

    i.   Defendants' failure to account for and include commissions when calculating  employees' overtime rates;

    ii.   Defendants' failure to pay minimum show-up time for meetings and on days where employees were sent home before working for half their regularly scheduled shift; and

    iii.   Defendants' failure to pay Plaintiff s and the Class for their working time associated with post-liminary activities,

Defendant s' wage statements issued to Plaintiffs and the Class were consistently inaccurate regarding actual hours worked and/or gross or net wages earned.

34.    Stated otherwise, throughout the Class Period, Defendants issued inaccurate itemized wage statements to Plaintiffs and the Class, because, among other things, its itemized wage statements did not contain accurate information regarding hours worked and wages earned.

## D. __Facts Relevant to the Waiting Time Penalty Claims__

35.    When Plaintiffs and former members of the Class received their final paychecks, they did not receive— and still have not receive— all of the wages due to them.  Specifically, Defendants failed to include all of the unpaid wages due for minimum show-up time, overtime due to the commissions not being considered when calculating overtime, and their off-the-clock work.

## VI.   __COLLECTIVE ACTION__

36.    Plaintiffs brings this action individually and as a collective action (commonly referred to as an "opt-in" class) pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b).

37.    For purposes of the FLSA claims, the "FLSA Class" is defined as,

**"All current and former employees of Defendant Vision Value, LLC d/b/a Stanton Optical employed as opticians and/or sales associates who worked at any Stanton Optical location at any time from June 24, 2007 to the present (the 'FLSA Period') and whose compensation included both 1) An hourly component; and 2) a commission and/or bonus component."**

38.    Defendants willfully "suffered or permitted" Plaintiffs and the FLSA Class to perform labor without payment of overtime compensation at a rate of no less than one and one half times their regular hourly rate for hours worked in excess of forty in a week as required by federal law. Moreover, by virtue of Defendants employing a compensation system which included an hourly and commission or bonus component while employing employees in several different states, yet failing to pay any of these employees overtime based on the bonuses or commissions in violation of 29 U.S.C. §207, Defendants knew their conduct was illegal, and showed reckless disregard for, the matter of whether its conduct was prohibited by the FSLA.

39.    Plaintiffs represent current and former employees and act on their behalf and interests as well as their own in bringing this action. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' personnel records. These similarly situated employees may readily be notified of this action, and allowed to opt-in pursuant to 19 U.S.C. §216(b), for the purpose of collectively adjudicating their claims.

## VII. <u>CLASS ACTION</u>

40.     Plaintiffs also bring a true class action (commonly referred to as an "opt-out" class) pursuant to Federal Rules of Civil Procedure Rule 23.

41.     For purposes of the California Labor Code claims, the "California Class" definition below adds an additional year to the Class Period. It is defined as follows:

**"All current and former employees of Defendant Vision Value, LLC. d/b/a Stanton Optical  employed in California as opticians and/or sales associates at any time from June 24, 2006 to the present (the 'Class Period') and whose compensation included both 1) An hourly component; and 2) a commission and/or bonus component."**

42.     Defendants, inter alia, willfully "suffered or permitted" Plaintiffs and the Class to perform labor without payment of overtime compensation at a rate of not less than 1.5 times their regular rate for hours worked in excess of forty in a week and/or eight hours in a day as required by California law, demonstrated a reckless disregard as to whether its conduct violated the FSLA.

43.     Furthermore, Defendants willfully failed to pay Class Members for reporting time compensation at a rate of half of their usual or scheduled day's work at the regular rate of pay.

44.     <u>Numerosity</u>.  The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable.  Although the precise number of such persons is unknown, upon information and belief Defendants has employed at least one hundred-fifty individuals who satisfy the definition of the California class, and who have been denied wages and payments due to them because of Defendants' unlawful policies and practices.

45.     <u>Commonality</u>.  There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the Class, including but not limited to:

a)      Whether Plaintiffs and the Class Members were subject to, and not exempt from, the overtime requirements of California law;

b)      Whether Defendants failed to include commissions and bonus payments when calculating the regular rate of pay to pay overtime to Plaintiffs and the Class Members;

c)      Whether Defendants failed to pay Plaintiffs and Class Members for attending mandatory meetings, under two hours, and were not paid the minimum reporting pay rate of two hours' pay at the regular rate of pay;

d)      Whether Plaintiffs were compensated for half their regularly scheduled fulltime shift at their regular rate of pay when they were prevented from completing half of their regular scheduled duties by Defendants;

e)      Whether Plaintiffs and each member of the California Class were provided with accurate itemized wage statements by Defendants as is required in Cal. Labor Code Section 226(a);

f)      Whether Plaintiffs and each member of the California Class were paid all wages due upon separation from employment from Defendants as is required in Cal. Labor Code Sections 201-203;

g)      Whether the violations alleged in (b) through (f) constitute unfair business practices in violation of California's Unfair Competition Law, Section 17200 et seq. of the California Business and Professions Code; and

h)      Whether the Members of the Class sustained damages, and if so, the proper measure of such damages.

46.   Typicality.  Plaintiffs' claims are typical of the claims of the Class in that they were subjected to the same violations of California law and seek the same type of damages, restitution, and other relief on the same theories and legal grounds as the Class they seek to represent.

47.   <u>Adequacy of Representation</u>.  Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' attorneys are competent and experienced in litigating wage and hour class actions, like this one.

48.   <u>Predominance of Common Issues</u>.  Class Certification is also appropriate under Fed.R.Civ.P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## VIII.  <u>CAUSES OF ACTION</u>

### <u>FIRST CAUSE OF ACTION</u>
### COLLECTIVE ACTION CLAIM
### FAILURE TO PAY OVERTIME WAGES FOR ALL OVERTIME HOURS WORKED
### [29 U.S.C. §§207(a), 216(b)]

49.   Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

50.   Section 207(a) of the FLSA requires employers to pay covered nonexempt employees overtime pay amounting to 1.5 times their regular rate of pay for all hours worked in excess of 40 hours per week.

51.   Specifically, Section 207(a) provides, in pertinent part:  " … no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for

his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

52.     Throughout the FLSA Period, Plaintiffs and the FLSA Class spent more than fifty percent of their time performing nonexempt work, did not directly supervise two or more of Defendants' employees simultaneously at all times, did not make fundamental decisions of policy for the Defendants and/or were otherwise not exempt from the overtime provisions of the FLSA.

53.     Throughout the FLSA Period, Plaintiffs and the FLSA Class regularly worked in excess of forty hours per week, but were not paid overtime compensation as required by 29 U.S.C. §207(a) at a rate of one and one-half times their regular rates of pay.

54.     When overtime was paid for approved work, Defendants paid overtime at 1.5 times the employee's hourly wage.  However, in so doing, Defendants failed to include commissions and bonus payments when calculating the regular rate for overtime payment purposes, thus systematically depriving Plaintiffs and the FLSA Class of proper overtime compensation.

55.     Section 216(b) of the FLSA creates a private right of action for violations of Section 207, and provides, in pertinent part: "Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their… unpaid overtime compensation, and in an additional equal amount as liquidated damages."

56.     Pursuant to 29 U.S.C. §207(a) and 216 of the FLSA, Plaintiffs and the FLSA Class are entitled to recover in this action the unpaid balance of the overtime compensation due to them at the rate of 1.5 times their regular rates of pay, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

## SECOND CAUSE OF ACTION

# FAILURE TO PAY OVERTIME WAGES FOR ALL OVERTIME HOURS WORKED

## [Cal. Labor Code §§510, 1194; IWC Wage Order No 5]

57.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

58.    At all times relevant hereto, Plaintiffs and California Class Members were nonexempt for purposes of the overtime pay requirements set forth in the California Labor Code and the applicable IWC Wage Order.

59.    Section 510 of the Labor Code provides:

". . . Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee and any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. . ."

60.    Section 3(a)(1) of the applicable IWC Wage Order also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight hours in a day or forty hours in a week, and two times their regular rate of pay for any work in excess of 12 hours in one day.

61.    Section 49.1.2 of the DLSE Manual states: "In not defining the term 'regular rate of pay,' the Industrial Welfare Commission has manifested its intent to adopt the definition of 'regular rate of pay' set out in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 207(e): 'the regular rate of pay at which an employee is employed shall be deemed to include *all* remuneration for employment paid to ... the employee.' The DLSE Manual continues: "In determining what payments are to be included in or excluded from the calculation of the regular rate of pay, California law adheres to the standards adopted by the U.S. Department of Labor to the extent those standards are consistent with California law."  The DOL has

interpreted Sec. 207(e) to include commissions and production bonuses in determining the regular rate of pay. *See*, 29 CFR 778.110 and 778.117[2] (*see, also*, <u>DLSE Enforcement Policies and Interpretations Manual</u>, rev. 2009, 49.1.2.1 and 49.2.1.2). Commissions and bonuses must be included in the regular rate whether they are the sole source of the employee's compensation or are in addition to a guaranteed salary or hourly rate. <u>Id</u>.; 29 CFR §§ 778.117, 778.208; *Oliver v. Mercy Med. Ctr., Inc.* (9th Cir. 1982) 695 F.2d 379; DLSE Opinion Letter Nos. 1988.06.02, 2002.0614.

62.  By separating the commissions and bonus pay from the hourly rate when calculating the regular rate of pay, Defendants have not reached the correct "time and a half" calculations in calculating overtime pay. The California Labor Code requires that when calculating the hourly overtime rate, commission and bonus pay is to be divided by the number of hours worked, thereby raising the regular hourly rate for purposes of calculating "time and a half" compensation.

63.  As such, Defendants systematically deprived Plaintiffs and California Class Members of proper overtime compensation.

64.  By failing to correctly pay overtime compensation due to Plaintiffs and other California Class Members, Defendants willfully and knowingly violated the provisions of California law, including the Labor Code and the applicable IWC Wage Order, which require overtime compensation to include commissions and bonuses.

---

[2] "Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission."

65.    As a result of Defendants' policy and practice of excluding commission and bonus pay from overtime compensation, Plaintiffs and members of the California Class have been damaged.

66.    Under Section 1194 of the Labor Code, an employee receiving less than the legal overtime compensation applicable to the employee is "authorized to bring suit for the unpaid balance of the full amount of the overtime compensation owed to him, including interest, reasonable attorney's fees, and costs of the suit."

67.    Accordingly, pursuant to Labor Code Section 1194, Plaintiffs seek to recover unpaid overtime compensation for themselves and other California Class Members in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY REPORTING TIME PAY**

**[Cal. Labor Code §§204, 558, 1198; IWC Wage Order No 4]**

68.    Plaintiffs re-allege the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

69.    Reporting time compensation is designed to encourage proper notice and scheduling, and is an important device to enforce proper scheduling that is consistent with minimum pay requirements. Furthermore, it is designed to compensate an employee for the inconvenience of returning to work for such a limited amount of time.

70.    IWC Wage Order No.4 §5 states that for "[e]ach workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled say's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay."

71.    California Labor Code §1194 requires that "notwithstanding any

agreement to work for a lesser wage, any employee receiving less than the legal minimum or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

72.    When Plaintiffs and members of the California Class were required by Defendants to attend brief work meetings, lasting only 30 to 60 minutes on days they were not scheduled to work, Defendants compensated Plaintiffs and the California Class only for the length of time of the actual meeting. Because Plaintiffs and the Class were not compensated for 2 hours of time per IWC Wage Order No.4, they also received less than the legal minimum wage in violation of California Labor Code §1194(a).

73.    Moreover, Defendants' managers routinely sent California class members home who had not yet completed half of their regular scheduled shift. By doing so, Defendants deprived employees of  reporting time compensation and therefore received less that the legal minimum wage in violation of California Labor Code §1194(a).

74.    Defendants have failed and refused, and continue to fail and refuse to pay Plaintiffs and members of the California Class owed reporting time compensation as required under California wage and hour laws.

75.    As a result of Defendants' conduct, Plaintiffs and members of the California Class were damaged in that they did not receive at least the legal minimum wage for half their usual or scheduled day's work, but in no event for less than two hours when they reported to work and were deprived of that work because of the brevity of the meeting.

76.    Additionally, as a result of Defendants' management policy, of dismissing Plaintiffs and California Class Members who were scheduled to work

an eight (8) hour shift and had not been able to perform labor for at least four hours, Plaintiffs and members of the Class suffered damage in the amount of the difference in compensation of reporting time pay minus the actual hours worked. Plaintiffs and California Class Members are entitled to such compensation, together with pre-judgment interest and liquidated damages pursuant to California Labor Code §§ 1194(a) and 1194.2 (a).

## FOURTH CAUSE OF ACTION

### FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS

### [Cal. Labor Code §§ 226, 226.3]

77.    Plaintiffs re-allege the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

78.    California Labor Code § 226(a) requires that employers, when paying their non- exempt employees' wages, include an "itemized statement in writing showing" the "total hours worked by the employee," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

79.    Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure to comply with 226(a) is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fee.

80.    During the Class Period, Defendants failed to comply with §226(a) of the California Labor Code by failing to include information on the itemized wage statements, including, but not limited to failing to pay for off-the-clock work performed as part of JANITORIAL WORK and completing sales when not authorized by corporate headquarters for overtime; failing to pay the minimum rate

of reporting time compensation (paid at their regular rate of pay) of two hours
when Plaintiffs and members of the California Class attended brief compulsory
business meetings; failing to pay minimum reporting time pay compensation (at the
regular rate of pay) when members of the California Class were not permitted to
work for at least half their regular scheduled shift; and failing to pay all overtime
owed by virtue of Defendants excluding commissions and bonuses from the
regular rate of pay.

81.    Defendants' failure to comply with §226(a)(1) was knowing and
intentional.

82.    Defendants' failure to provide Plaintiffs and California Class
Members with accurate itemized wage statements during the Class Period has
caused Plaintiffs and the Class Members to incur economic damages in that
Plaintiffs and Class Members are not receiving all wages owed, and the overtime
rate on their itemized wage statements are incorrect.

83.    As a result of Defendants' issuance of inaccurate itemized wage
statements to Plaintiffs and members of the Class in violation of Labor Code
§226(a), Plaintiffs and the Class Members are each entitled to recover an initial
penalty of $50, and subsequent penalties of $100 for each violation commencing
on June 24, 2010 and afterwards, up to an amount not exceeding an aggregate
penalty of $4000 per Plaintiff and per every member of the California Class from
Defendants pursuant to §226(e) of the Labor Code, costs and reasonable attorney's
fees.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

### [Cal. Labor Code §§ 201-203]

84.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

85.     Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees at or around the time of the employment separation.

86.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§201-202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

87.     Throughout the Class Period, Defendants willfully failed to compensate Plaintiffs and the California Class Members who are former employees of Defendant all wages owed, and willfully issued itemized wage statements which failed to accurately state their hours worked, including overtime hours. In addition, Defendants' final paychecks to Plaintiffs and California Class Members who are former employees did not compensate Plaintiffs and California Class Members for all wages earned, but not paid to them, including the minimum rate for reporting time compensation, as well as unpaid overtime, and Defendants have yet to compensate Plaintiffs and the formerly employed California Class Members for these earned, but unpaid wages.

88.     As a result, Defendants are now liable to Plaintiff and the other members of the California Class whose employment with Defendants have ended since June 24, 2008 for penalties pursuant to California Labor Code § 203 in the maximum amount of thirty days wages for each California Class member who is no longer employed by Defendants.

## SIXTH CAUSE OF ACTION

### UNFAIR/UNLAWFUL BUSINESS PRACTICES

### [Cal. Bus. & Prof. Code §§17200-17208]

89.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

90.     Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

91.     Cal. Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

92.     Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code, §17200, because Defendants' conduct has violated state wage and hour laws as herein described. Indeed, Defendants' conduct as herein alleged has damaged Plaintiffs and the California Class members by wrongfully denying them proper overtime pay, compensation for the entirety of their workday, and accurate wage statements, and therefore was substantially injurious to Plaintiffs and the Class members.

93.     Under Section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable Class Period for this cause of action is June 24, 2007 through the present (i.e., the "Class Period").

94.     Beginning at a date unknown to Plaintiffs, but at least as early as June 24, 2007 Defendants committed, and continues to commit, acts of unfair competition, as defined in §17200 et seq. of the California Business and Professions Code by, among other things, engaging in the acts and practices described above.

95.     Defendants engaged in unfair competition in violation of Cal. Bus &
Prof. Code, §17200 et seq by violating, inter alia, each of the following:

      a.     First Cause of Action as stated above (as applied to the
members of the FLSA Class who are also members of the California Class);

      b.     Second Cause of Action as stated above;

      c.     Third Cause of Action as stated above;


      d.     29 U.S.C. §207(a);

      e.     Cal. Labor Code § 510;


      f.     Cal. Labor Code § 226.7;

      g.     Cal. Labor Code § 512;


      h.     California IWC Orders No. 4, §5 (as amended on January 1,
2002, January 1, 2003, January 1, 2004, July 2, 2004, January 1, 2005, and January
1, 2006).

96.     Defendants' course of conduct, act and practice in violation of the
California laws mentioned in each paragraph above constitute separate and
independent violations of 17200 et seq. of the California Business and Professions
Code.

97.     Plaintiffs and California Class members have suffered harm in being
wrongfully denied overtime pay, compensation for all hours worked, remuneration
for reporting time pay, and payment of wages upon separation of employment, and,
therefore, Defendants' actions described herein constitute an unfair business
practice or act within the meaning of California Business and Professions Code
§17200.

98.     The unlawful, unfair and fraudulent business practices and acts of Defendants, as described above, have injured Plaintiffs and California Class Members in that they were wrongfully denied overtime wages due, reporting time pay, and waiting time penalties.

99.     Defendants' failure to pay Plaintiffs and California Class Members for all hours worked, reporting time pay, as well as their failure to pay legally required proper overtime wages constitute unlawful acts prohibited by the California Unfair Practices Act, Business & Professions Code 17200 et seq.

100.    As a result of these unlawful acts, Defendants have reaped unfair benefits and illegal profits, at the expense of Plaintiffs and all California Class Members. Defendants must make restitution and/or be subject to other equitable relief pursuant to California Business & Professions Code §17203.  All such remedies are cumulative of relief available under other laws, pursuant to California Business & Professions Code § 17200, et seq., including §17205.

101.    Plaintiffs request relief as described below on behalf of themselves and all California Class Members.

## IX. DEMAND FOR JURY TRIAL

102.    Plaintiffs hereby demand trial by jury on their individual, collective, and/or class-wide claims stated herein against Defendants.

## X. PRAYER FOR RELIEF

103.    Wherefore, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against Defendants as follows:

An Order than this action may proceed and be maintained as a class action on behalf of the Class:

### A.    COLLECTIVE FLSA CLAIM

1.     Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all nonexempt opticians and sales associate

employees employed by Vision Value, LLC. d/b/a Stanton Optical in the Arkansas, California, Georgia, Indiana, Ohio, and Texas at any time during the three years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty hours in a week  at any time from June 24, 2008 to the present(the "FLSA Period."), and were not paid as required by the FLSA;

2.      A declaratory judgment that Defendants have violated the overtime wages provision of the FLSA, 29 U.S.C. §207, as to and similarly situated persons who opt into this action;

3.      A declaratory judgment that Defendants' violations of the FLSA were willful;

4.      An award to Plaintiffs and other similarly situated persons who opt into this action of damages in the amount of unpaid compensation to be proven at trial, pursuant to the FLSA;

5.      An award to Plaintiff s and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

6.      An award to Plaintiffs and other similarly situated persons who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §216(b); and

7.      An award of such other and further relief as this Court may deem appropriate.

**B.      CLASS ACTION CAL. LABOR CODE CLAIMS**

1.      Certification of the California state law claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed California Class;

2.      Class notice, pursuant to Fed. R. Civ. P. 23(c)(2), to all  opticians and/or sales associates  employed in California by Vision Value, LLC. d/b/a Stanton Optical, at any time from June 24, 2007 to the present, pursuant to the statute of limitations on the California Unfair Practices Act claims, Business & Professions Code 17208;

3.      A declaratory judgment that Defendant s have violated the overtime provisions of the California Labor Code Section 510 as to Plaintiffs and the California Class;

4.      An award to Plaintiffs and the California Class in the amount of unpaid overtime compensation to be proven at trial, plus interest, and reasonable attorneys' fees, pursuant to California Labor Code 510 and 1194;

5.      A declaratory judgment that Defendants violated Labor Code §§226 and 226.3 by issuing inaccurate weekly wage statements to Plaintiffs and the California Class in that, as set forth above, the paystubs contained inaccurate information about the total number of hours worked, the overtime wages earned, and the total wages earned during the Class Period;

6.      An award to Plaintiffs and the California Class of $50 for each initial pay period since June 24, 2010 in which a violation of §226 occurred and $100 for each subsequent pay period in which a violation of §226 occurred, not to exceed $4,000 per person, as well as an award of costs and reasonable attorneys' fees;

7.      A declaratory judgment that Defendants have violated California Labor Code §§ 204, 558,  and 1198 and Section 5 of the IWC Wage Order No.4;

8.      Pursuant to Cal. Labor Code §§ 204, 558,  and 1198 and Section 5 of the IWC Wage Order, an award to Plaintiffs and the California Class for reporting time pay at the employee's regular rate of compensation when attending meetings

and when employees were not permitted to work for at least half of their regular scheduled fulltime shift;

9. A declaratory judgment that, as to Plaintiffs and California Class Members who are former employees, Defendants violated California Labor Code §§201-203 for willful failure to pay compensation at the time of termination of employment, resulting in unpaid waiting time penalties;

10. An award to Plaintiffs and the California Class whose employment with Defendants ended on or after June 24, 2008 of payments due to them as waiting time penalties pursuant to California Labor Code §203 and reasonable attorneys' fees;

11. A declaratory judgment that Defendants violated California Business & Professions Code §§17200-17208 by failing to pay their nonexempt employees overtime compensation, and/or to provide accurate itemized statements with each payment of wages, as required by California law;

12. An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs and the California Class, for Defendants' failure to pay legally required overtime compensation, and/or to provide accurate itemized statements of total hours worked with each payment of wages, in an amount according to proof, pursuant to California Business & Professions Code §17203;

13. An award to Plaintiffs and the FLSA and California Class Members of reasonable attorneys' fees and costs, pursuant to California Civil Procedure Code § 1021.5, California Labor Code §§226, 29 U.S.C. 216(b) and/or other applicable law;

14. Pursuant to Cal. Labor Code Section §218.6, an award of all accrued interest from the date the wages were due and payable to the California class at the legal interest rate; and

1    15.    An award of such other and further relief as this Court may deem

2  appropriate.

3

4  Dated:  June 23, 2011                  Respectfully submitted,
                                         MICHAEL MALK, ESQ. APC
5

6                                By:_____

7                                    Michael Malk
                                     Attorneys for Plaintiff and the Class
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28