1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANNALISA LEWIS, MICHELLE              CASE NO. 1:11-cv-01055-LJO-BAM
     CATBAGAN, individually, and on behalf
12   of all others similarly situated,
                                           **FINDINGS   &   RECOMMENDATIONS**
13                                         **APPROVING SETTLEMENT**
                                           **AGREEMENT; DISMISSING PLAINTIFFS'**
14                    Plaintiffs,          **INDIVIDUAL CLAIMS WITH PREJUDICE;**
                                           **DISMISSING  CLASS  CLAIMS  WITHOUT**
15              vs.                        **PREJUDICE**

16   VISION VALUE, LLC,

17                    Defendant.

18   _____/

19

20          The matter before the Court is the parties' Joint Motion to Approve Settlement Agreement,

21   Dismiss Individual Claims With Prejudice and Dismiss Class Claims Without Prejudice (the "Parties

22   Motion") (Doc. 24.)  The Court deemed the matter suitable for decision without oral argument pursuant

23   to Local Rule 230(g), and vacated the hearing scheduled for June 15, 2012  (Doc. 26.)   Having

24   considered the Parties' Motion, the declarations attached thereto, as well as the Court's file, the Court

25   issues the following Findings and Recommendations.

26
27
28

                                           1

**I.   BACKGROUND**

**A.   Plaintiffs' Claims**

On June 24, 2011, Plaintiffs Annalisa Lewis ("Lewis") and Michelle Catbagan ("Catbagan") (Catgaban and Lewis are collectively referred to as "Plaintiffs"), former employees of Defendant Vision Value, LLC ("Defendant"), brought this action against Defendant alleging improper overtime calculations. (Doc. 1.) Plaintiffs filed a First Amended Complaint ("FAC") on September 6, 2011. (Doc. 12, 14.) The FAC presents claims under the Fair Labor Standards Act of 1938 ("FLSA") and the California Labor Code, Sections 204, 510, 558, 1194 and 1198 (Plaintiffs' "California Law Claims") against Defendant. Plaintiffs brought these claims in their individual capacity, as a collective action under FLSA, and a class action under Federal Rule of Civil Procedure 23.

The FAC alleges Defendant violated the FLSA and California Law because it incorrectly paid Plaintiffs at one-and-one-half times their hourly rates, instead of incorporating the commission rates in the hourly rates. FAC ¶¶ 19, 20. Additionally, Plaintiffs claimed they were required to work off the clock for at least 15 minutes each day and reported for meetings without receiving two hours of reporting pay. FAC ¶¶ 21, 30.

**B.   Background of Individual Settlements**

On March 14, 2012, the parties attended a mediation with Lisa Klerman in Los Angeles County. (Declaration of David P. Hall "Hall Decl.," ¶ 10, Doc. 24 Attach. 2.) The parties agreed that Catbagan's claims were worth approximately $6,000.00 to $16,000.00, and that Lewis' claims were worth approximately $2,500.00 to $4,500.00. (Declaration of Michael Malk "Mark Decl." ¶ 6, Doc. 24, Attach. 3; Hall Decl., ¶¶ 12-13, Doc. 24 Attach. 2.) After a full day of mediation and follow-up, the mediator issued a mediator's compromise which both sides accepted. Hall Decl., ¶ 11. The mediator's compromise was consistent with the range of Plaintiffs' claim value. (Doc. 24, Attach 1, 8: 14-16.) As part of the settlement, in exchange for payment, Plaintiffs' individual claims raised in the FAC would be dismissed with prejudice, and the class action and collective action claims would be dismissed without prejudice.

2

## II.   DISCUSSION

The FAC alleges various claims under California law and the FLSA.  The legal standards governing settlement of these claims differ, and the Court addresses the settlement and/or dismissal of these claims separately.

### A.      Settlement of Plaintiffs' FLSA Claims

The FLSA's purpose is to protect workers from substandard wages and oppressive working hours.  *Barrentine v. Arkansas–Best Freight System*, 450 U.S. 728, 739, 101 S.Ct. 1437 (1981).  An individual may not relinquish rights under the FLSA, even by private agreement, because this "would nullify the purposes of the Act."  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895 (1945).  There are only two ways by which FLSA back wages claims may be settled by employees.  *Thornton v. Solutionone Cleaning Concepts, Inc.,* 2007 WL 210586 (E.D. Cal. 2007).  One method requires the Secretary of Labor to supervise payment to employees of unpaid wages owed to them. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir.1982).  Under the other method, an employee who brings a private action for back wages under the FLSA may "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Schulte, Inc., Gangi*, 328 U.S. 108, 113 n. 8, 66 S.Ct. 925 (1946); *See also Yue Zhou v. Wang's Rest.*, 2007 WL 2298046, (N.D. Cal. Aug. 8, 2007).  Settlements that do not follow the two methods discussed above are unenforceable.  *Thornton v. Solutionone Cleaning Concepts, Inc.,* 2007 WL 210586 (E.D. Cal. 2007)

"In reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute."  *Yue Zhou v. Wang's Rest.*, 2007 WL 2298046 (N.D. Cal. Aug. 8, 2007).  "[S]everal courts have regularly applied the Rule 23 'fairness' factors when evaluating the fairness and reasonableness of a FLSA settlement."  *Martinez v. Silveira,* 2011 U.SW. Dist. LEXIS 143865 (E.D. Cal. 2011).  These factors include "(1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of

3

counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Torrisi v. Tuscan Electric Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993). While some of these factors do not apply because of the inherent differences between class actions and individual FLSA settlements, the majority of the factors are relevant and useful in evieluating the settlement in this case. *See Almodova v. City and County of Honolulu,* 2010 WL 1372298 (D. Hawaii, 2010).

Upon consideration of the information regarding the parties' settlement, the facts and circumstances contained in the record, as well as the amounts offered in settlement, the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiffs' FLSA claims.  The amounts proposed as settlement are proportionate to the damages Plaintiffs could have obtained if they proceeded to trial.  In approving the parties' settlement agreement, the court balanced relevant factors above, including the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the extent to which the parties had completed discovery and litigated discovery issues; the amount offered in settlement; and the experience and views of counsel.  After balancing these factors, the Court approves the parties' settlement of Plaintiffs' claims.

**B.     Dismissal of the Pre-Certified Putative Class Claims Without Notice Is Proper**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).  Where no class has been certified in this case, the requirements of Rule 23(e), do not apply to the Joint Motion to Dismiss the class claims without prejudice.  *See* Fed. R. Civ. P. 23(e), adv. comm. notes, 2003 amdts. ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement....").  Even though the procedures of Rule 23(e) do not apply to the Joint Motion to Dismiss, the Court may consider whether to "require ... giving appropriate notice to some or all class members," Fed. R. Civ. P. 23(d)(1)(B), and "whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members with a reasonable 'reliance' expectation of the maintenance of the action for the protection of their interests." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1407 n. 3 (9th Cir.1989).

1  The Court also may "inquire into possible prejudice from ... lack of adequate time for class members

2  to file other actions, because of a rapidly approaching statute of limitations." *Id*. at 1408 (citation

3  omitted).  While the Court is not obligated to make this evaluation, it does so in an abundance of

4  caution.

5          **1.    Possibility of Collusion**

6          With respect to the possibility of collusion, a district court should consider "the terms of the

7  settlement, particularly the amount paid the plaintiff in purported compromise of his individual claim

8  and the compensation to be received by plaintiff's counsel, in order to insure that, under the guise of

9  compromising the plaintiff's individual claim, the parties have not compromised the class claim to

10 the pecuniary advantage of the plaintiff and/or his attorney." *Del Rio v. CreditAnswers, LLC,* 2011

11 WL 1869881 (S.D. Cal. 2011), citing, *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir. 1978).

12         The parties agreed the value of Plaintiff Catbagan's and Lewis' claims to be between

13 $6,000.00 to $16,000.00, and $2,500.00 to $4,500.00, respectively.   (Malk Decl. ¶ 6, Doc. 24,

14 Attach. 3; Hall Decl., ¶¶ 12-13, Doc. 24 Attach. 2.)  After a full day of mediation and continued

15 settlement discussions, the mediator issued a mediator's compromise which both sides accepted.

16 (Hall Decl., ¶ 11.)  The mediator's compromise was consistent with the range of Plaintiffs' claim

17 value.  (Doc. 24, Attach 1, 8: 14-16.)  Based on the involvement of an experienced mediator, as well

18 as the parties representations that the value of Plaintiffs' settlement is consistent with the range of

19 potential damages, the Court finds that this evidence is sufficient to show that the proposed

20 settlement is not tainted by collusion.

21         **2.    Reliance**

22         With respect to "reliance" on the part of absent putative class members, "[t]he danger of

23 reliance is ... generally limited to actions that would be considered of sufficient public interest to

24 warrant news coverage of either the public or trade-oriented variety, and such reliance can occur only

25 on the part of those persons learning of the action who are sophisticated enough in the ways of the

26 law to understand the significance of the class action allegation." *Del Rio v. CreditAnswers, LLC,*

27 2011 WL 1869881 (S.D. Cal. 2011), citing, *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir.

28 1978) (quotation omitted).

1    This action has not been the subject of media coverage, or otherwise appears to be of

2    significant public interest.  Indeed, there were only twenty-one individuals falling within Plaintiff's

3    proposed class definition.  (Declaration of Matther Zifrony ("Zifrony Decl.," ¶ 4, Doc. 24, Attach. 4.)

4    The Court finds that this evidence is sufficient to show that the proposed dismissal will not prejudice

5    absent putative class members "with a reasonable reliance expectation of the maintenance of the

6    action for the protection of their interests."  *Diaz*, 876 F.2d at 1407 n. 3 (quotation omitted).

7    **3.    Prejudice**

8    In considering whether the putative class members will be prejudiced by the dismissal, the

9    Court considers "possible prejudice from ... lack of adequate time for class members to file other

10   actions, because of a rapidly approaching statute of limitations." *Diaz*, 876 F.2d at 1408 (citation

11   omitted). "[T]he commencement of a class action suspends the applicable statute of limitations as to

12   all asserted members of the class who would have been parties had the suit been permitted to

13   continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38

14   L.Ed.2d 713 (1974).

15   The class claims are being dismissed without prejudice to refiling, and the relevant statutes of

16   limitations have been tolled during the pendency of this action.  As such, "the putative class

17   members will be in the exact same position upon dismissal of the class claims as when the suit was

18   initially filed." *Hardman v. Tri-Financial, LLC,* 2010 U.S. Dist. LEXIS 9996 (S.D. Cal. 2010).

19   Accordingly, notice to the putative class is not required. *Schwarm v. Craighead,* 2011 U.S. Dist.

20   LEXIS 35472 (E.D. Cal. 2011) (Generally, courts will excuse the notice requirement when doing do

21   will not prejudice the class).

22                    **FINDINGS AND RECOMMENDATIONS**

23   Having considered the Parties' Joint Motion, the declarations attached thereto, as well as the

24   Court's file, the Court recommends as follows:

25   1.    The parties' Settlement Agreement with respect to Plaintiffs' FLSA claims is approved;

26   2.    Plaintiffs' individual claims are dismissed WITH PREJUDICE;

27   3.    The collective action claims and class action claims are DISMISSED WITHOUT

28         PREJUDICE.

1    These findings and recommendations are submitted to the district judge assigned to this

2  action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local

3  Rule 304.  Within ten (10) days of service of this recommendation, any party may file written

4  objections to these findings and recommendations with the Court and serve a copy on all parties.

5  Such a document should be captioned "Objections to Magistrate Judge's Findings and

6  Recommendations."  The district judge will review the magistrate judge's findings and

7  recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties

8  are advised that failure to file objections within the specified time may waive the right to appeal the

9  district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10

11    IT IS SO ORDERED.

12  **Dated:**   **July 18, 2012**          **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7